FAIR, J.,
for the Court:
¶ 1. Christopher and Tammy married in 1999, and in 2003, purchased a jointly titled home. Christopher filed for divorce in Jackson County Chancery Court on September 4, 2009. The chancellor’s final judgment of divorce classified the home as marital property and ordered it to be sold, with the sale proceeds to be divided equally. Christopher appeals only that decision. Finding the chancellor was within her discretion, we affirm.
*191 FACTS
¶ 2. Christopher and Tammy purchased their marital home in 2003 with a cashier’s check in the amount of $60,000.[1] The proceeds of the check were part of a settlement from a personal-injury claim Christopher had filed prior to his marriage to Tammy, but which was settled shortly after they married. The deed to the home named both as grantees.
¶3. After he received the settlement proceeds, Christopher converted the check from his attorney’s trust account into several cashier’s checks and placed all the checks in a safety-deposit box. Some of the settlement checks were later deposited into a joint checking account established for marital expenses. Tammy admitted that she had access to the joint account but never made any deposits into it. At some point during their marriage, Christopher closed the account.
¶ 4. After Hurricane Katrina, Christopher and Tammy received a grant of $98,000. Both parties testified they each took $10,000 from the grant for personal use and spent most of the remainder remodeling their home. Christopher and Tammy shared the household bills until September 2009, when Christopher began paying all the bills himself under a temporary order of the court.
¶ 5. The couple lived in the home from 2003 until their separation in 2008. Christopher filed for divorce on September 4, 2009. In 2011, the chancellor granted the parties a divorced based on irreconcilable differences and ruled on the equitable distribution of the couple’s personal and real property. The chancellor classified the home as marital property and ordered it to be sold with the net profit to be divided equally between Christopher and Tammy.
STANDARD OF REVIEW
¶ 6. “When [an appellate court] reviews a chancellor’s decision in a case involving divorce and all related issues, our scope of review is limited by the substantial evidence/manifest error rule.” Yelverton v. Yelverton, 961 So.2d 19, 24 (¶ 6) (Miss.2007). Therefore, this Court will not disturb the chancellor’s findings “unless the chancellor was manifestly wrong, clearly erroneous or a clearly erroneous standard was applied.” Id. (citation omitted).
DISCUSSION
¶ 7. Christopher argues that the home was not marital property because it was purchased with cash proceeds from a personal-injury settlement he received shortly after he married Tammy. He also states that the chancellor erred in evenly splitting the proceeds, but he fails to support this argument with any legal authority. Because Christopher has failed to provide any citation to authority regarding the chancellor’s distribution as required by Mississippi Rule of Appellate Procedure 28(a)(6), we will mainly address the issue of the classification of the home as marital property, though we nevertheless note and affirm the chancellor’s compliance with and reliance on the guidance of the supreme court in Ferguson v. Ferguson, 639 So.2d 921 (Miss.1994), in her overall division of marital property.
¶ 8. On June 13, 2010, a temporary order was entered awarding Christopher the marital home. Pursuant to this Court’s ruling in Pittman v. Pittman, 791 So.2d 857, 863-64 (¶¶ 16-17) (Miss.Ct.App.2001)[2] *192 , the chancellor used the date of the temporary order to determine the marital assets and marital-property accumulation. At issue before the chancellor was mainly the determination under Hemsley v. Hemsley, 639 So.2d 909, 914 (Miss.1994), of the home purchased in 2008 as marital property or separate property. The chancellor classified the home as marital property based on the fact that it was the primary residence utilized for the majority of the ten-year marriage, and that the deed listed both Christopher and Tammy as grantees. Evidence of the post-Katrina joint grant and use of $98,000 for repair of the jointly titled home was also noted. The chancellor set out a detailed discussion of her application of the factors in Ferguson, 639 So.2d at 928. After weighing the evidence and considering the Ferguson factors, the chancellor found that the parties’ marital assets and debts, including the marital home, should be divided equally, and ordered the sale of the home and an equal division of the net profits.
¶ 9. To equitably divide property, the chancellor must: (1) classify the parties’ assets as marital or separate, (2) value those assets, and (3) equitably divide the marital assets. Hemsley, 639 So.2d at 914; Ferguson, 639 So.2d at 928. Here, the only dispute by either party of the chancellor’s classification of assets as marital or separate and the division of those assets is the classification and division of their jointly titled house. In Johnson v. Johnson, 650 So.2d 1281, 1287 (Miss.1994), our supreme court stated that all marital assets are subject to possible equitable distribution in accordance with the factors provided in Ferguson. Marital property is “any and all property acquired or accumulated during the marriage ... and [is] subject to an equitable distribution by the chancellor.” Hemsley, 639 So.2d at 915. Further, such marital “[a]ssets acquired or accumulated during the course of a marriage are subject to equitable division unless it can be shown by proof that such assets are attributable to one of the parties’ separate estates prior to the marriage or outside of the marriage.” Id. at 914.
¶ 10. Christopher mistakenly asserts that the home cannot be marital property because it was purchased with money from his personal-injury settlement from litigation filed before marriage on a cause of action that accrued to him prior to marriage. However, Christopher was married to Tammy when he received the settlement check, and he was married to Tammy when they purchased the home. Further, “nonmarital assets ... may be converted to marital assets if they are commingled with marital assets or used for familial purposes. Such converted assets are then subject to equitable distribution.” Heigle v. Heigle, 654 So.2d 895, 897 (Miss.1995). “The burden is upon one claiming assets to be non-marital to demonstrate to the court their non-marital character.” A & L, Inc. v. Grantham, 747 So.2d 832, 839 (¶ 23) (Miss.1999) (citing Hemsley, 639 So.2d at 915). “This burden goes beyond a mere demonstration that the asset was acquired prior to marriage.” Id.
¶ 11. Reversal is warranted “only where the failure to make sufficient findings of fact and conclusions of law constitute manifest error.” Selman v. Selman, 722 So.2d 547, 554 (¶ 29) (Miss.1998). In this case, the chancellor set out her considerations in classifying the home as marital under Hemsley and conducted a detailed analysis of all the Ferguson factors in distributing the marital estate. We cannot *193 say that the chancellor abused her discretion in classifying the home as marital and dividing proceeds of its sale equally. Accordingly, we affirm the judgment of the chancellor.
¶ 12. THE JUDGMENT OF THE CHANCERY COURT OF JACKSON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND JAMES, JJ., CONCUR.

. The purchase price was $56,000. The cashier’s check was for $60,000. The $4,000 difference paid outstanding property taxes on the home.

. Overruled by Collins v. Collins, 112 So.3d *192 428, 432 (¶11) (Miss.2013) (holding that a temporary order no longer indicates the point of demarcation)). However, the date here is not in dispute.